URBAN P. VAN SUSTEREN and MARGERY C. VAN SUSTEREN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Van Susteren v. Commissioner
Docket No. 9636-76.
United States Tax Court
T.C. Memo 1978-310; 1978 Tax Ct. Memo LEXIS 204; 37 T.C.M. (CCH) 1302; T.C.M. (RIA) 78310; August 9, 1978, Filed Urban P. Van Susteren, pro se. Scott R. Cox, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' Federal *205 income tax for the calendar year 1973 in the amount of $ 2,659.45, and an addition to tax under section 6653(a), I.R.C. 1954, [1] in the amount of $ 132.97. Some of the issues raised by the pleadings, including the addition to tax, if any, have been disposed of by agreement of the parties, leaving for our decision whether trailers placed in use by petitioners in 1973 qualify for the investment credit under section 38. All of the facts have been stipulated and are found accordingly. Petitioners, Urban P. and Margery C. Van Susteren, at the time their petition in this case was filed, resided in Appleton, Wisconsin. For the 1973 calendar year, petitioners filed a timely joint Federal income tax return with the Internal Revenue Service Center in Kansas City, Missouri. In 1959 petitioners purchased the Westgate Motel premises consisting of 1.75 acres of land, a motel building of 11 rooms and a separate residence for the manager. The property is located on the outskirts of Appleton.Petitioners organized a corporation, the *206 Westgate Motel Corporation, to operate the motel. Petitioners own all of the stock of this corporation. In 1973, petitioners purchased and moved onto the motel premises two duplex house trailers.The trailers were leased to the corporation and operated as additional units of the motel. The trailers were used solely to furnish lodging at the motel. Both the motel and trailer units were furnished with telephone service, linen service and heating. Only the trailer units had kitchenettes.The rooms in the trailers also provided a larger living area than those in the motel. The rent of the trailer units was greater than that of the motel units because in addition to having kitchenettes and greater living space, the trailers were newer and cleaner. The 11 motel units were used exclusively by transients, guests staying less than 30 days. The following information is representative of the number and length of tenancies in each of the 4 trailer units during the 1-year period following their being put into use: Rm. #13
Rm. #14
Rm. #15
Rm. #16
Total
Number of tenants stay-
ing less than 30 days
13
3
14
21
51
Number of tenants stay-
ing more than 30 days
4
3
4
5
16
Total weeks of occupancy
of all non-30-day tenants
14
3
15
14
46
Total weeks of occupancy
of all 30-day tenants
32
42
29
28
131
*207 On their Federal income tax return for the 1973 calendar year, petitioners claimed an investment credit of $ 1,395.10. The claimed credit was computed on a Form 3468 which was attached to the return. That form showed the trailers as new qualified investment property with a life of 7 years or more and with a 1973 acquisition cost of $ 19,930. The investment credit was computed at 7 percent of that cost. Respondent in his notice of deficiency disallowed the claimed investment credit with the following explanation: It is determined that the house trailers acquired at a cost of $ 19,930 do not qualify for the investment credit under Section 38 of the Code as they do not come within the definition of "Section 38 property." * * * The parties stipulated that for purposes of section 48(a)(1) the house trailers are tangible personal property. See Moore v. Commissioner,58 T.C. 1045, 1053 (1972), in which this Court held trailers used in the operation of a trailer rental business to be tangible personal property within the meaning of section 48(a)(1). In order to be entitled to an investment credit with respect to property, the property must qualify as "section *208 38 property." Section 48(a)(1)(A) defines "section 38 property" to include tangible personal property. Section 48(a)(3) provides the following exception to the general rule of including tangible personal property as "section 38 property": "Property which is used predominantly to furnish lodging or in connection with the furnishing of lodging shall not be treated as section 38 property." Section 48(a)(3)(B), however, excludes from application of this exception "property used by a hotel or motel in connection with the trade or business of furnishing lodging where the predominant portion of the accommodations is used by transients." [2] In explanation of section 48(a)(3)(B), section 1.48-1(h)(2)(ii), Income Tax Regs., provides: Sec. 1.48-1 [Income Tax Regs.] Definition of section 38 property. * * *
(h) Property used for lodging--* * * (2) Exceptions--* * * (ii) Property used by a hotel or motel. Property used by a hotel, motel, inn, or other similar establishment, in connection with the trade or business of furnishing lodging shall not be considered as property which is used predominantly to furnish lodging or predominantly in connection with the furnishing of *209 lodging, provided that the predominant portion of the living accommodations in the hotel, motel, etc., is used by transients during the taxable year. For purposes of the preceding sentence, the term "predominant portion" means "more than one-half". Thus, if more than one-half of the living quarters of a hotel, motel, inn, or other similar establishment is used during the taxable year to accommodate tenants on a transient basis, none of the property used by such hotel, motel, etc., in the trade or business of furnishing lodging shall be considered as property which is used predominantly to furnish lodging or predominantly in connection with the furnishing of lodging. Accommodations shall be considered used on a transient basis if the rental period is normally less than 30 days. *210 Respondent concedes that, in combination, the motel and trailer units were used predominantly by transients. He maintains, however, that we should view the trailer units separate from the motel units in determining whether the 4 trailer units, apart from the 11 motel units, were used predominantly by transients or non-transients. In this case respondent admitted the allegation in the petition, and the parties also stipulated, that the 4 trailer units "were operated as additional units of the motel." Accepting this admitted and stipulated fact, a separation such as respondent contends should be made, is not warranted by section 48(a)(3)(B). Respondent's regulations, section 1.48-1(h)(2)(ii), Income Tax Regs., quoted above, declare that aggregation and not separation is called for in the instant case. These regulations clearly state that if more than one-half of the living quarters of a motel is used during the taxable year to accommodate transients, "none of the property used by such * * * motel" shall be considered as property used predominantly to furnish lodging. In defense of his position, respondent relies on the legislative history of the investment credit. Citing S. Rept. *211 No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 703, 722, 861, he contends that the intent of Congress was to encourage investment in tangible personal property to be used in certain definitive ways. Additionally, citing H. Rept. No. 1447, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 402, 519, and S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 703, 861, he notes that one of the encouraged activities was the investment in transient hotel or motel facilities as opposed to non-transient apartment units. Respondent argues that it could not have been the intent of Congress to encourage the purchase of trailers which did not furnish lodging to transients. Thus, he concludes, petitioners' house trailers are not "section 38 property" pursuant to section 48(a)(3)(B). We do not agree. Respondent's position requires an item-by-item inspection of motel property for section 48(a)(3)(B) purposes. Such an inspection, however, was not envisioned by Congress. S. Rept. No. 1881, 87th Cong., 2d Sess. (1962), 1962-3 C.B. 703, 861. Rather, as noted above, the statute and regulations establish an aggregate approach. If the predominant *212 portion of a lodging facility normally houses transients, then all tangible personal property used in connection with furnishing lodging will be "section 38 property." Section 48(a)(3)(B); Section 1.48-1(h)(2)(ii), Income Tax Regs.
Respondent makes no argument that the trailers represent a separate trade or business; nor do the facts as stipulated indicate that in reality petitioners were operating two businesses and not one. To the contrary, the stipulated facts are that the trailers "were operated as additional units of the motel" and that they were "used solely to furnish lodging at the motel." Thus, in substance as well as in form, the motel units and the trailer units were operated together as one business. Accordingly, we hold that petitioners' house trailers are "section 38 property," and petitioners are entitled to the claimed investment credit. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and as effective for the year in question.↩
2. Petitioners concede that the trailers are used to furnish lodging for purposes of sec. 48(a)(3), although petitioners lease the trailers to a corporation which in turn uses the trailers to furnish rental lodging. Sec. 1.48-1(h)(1)(ii), Income Tax Regs., provides that property used in connection with furnishing lodging falls within sec. 48(a)(3)↩, whether it is "furnished by the owner of the lodging facility or another person."